1  PAMELA E. COGAN (SBN 105089)
   NORMAN LAU (SBN 253690)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 500
3  Redwood City, CA  94063-2052
   Telephone:    (650) 364-8200
4  Facsimile:    (650) 780-1701
   Email:        pcogan@rmkb.com, nlau@rmkb.com
5
   Attorneys for Plaintiffs
6  GOLDEN EAGLE INSURANCE CORPORATION
   and  PEERLESS INSURANCE COMPANY
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | GOLDEN EAGLE INSURANCE        | CASE NO.
   | CORPORATION and PEERLESS      |
12 | INSURANCE COMPANY             | **COMPLAINT FOR DECLARATORY RELIEF**
13 |         Plaintiffs,           |
14 | vs.                           |
15 | DRAIN DOCTOR, INC. and GHC OF |
   | SUNNYVALE, LLC, dba CEDAR CREST|
16 | NURSING & REHAB CENTER,       |
17 |         Defendants.           |

18

19     Plaintiffs GOLDEN EAGLE INSURANCE CORPORATION and PEERLESS

20 INSURANCE COMPANY allege as follows:

21                              **PARTIES**

22     1.     Plaintiff GOLDEN EAGLE INSURANCE CORPORATION ("Golden Eagle")

23 and PEERLESS INSURANCE COMPANY ("Peerless") (collectively "Plaintiffs") are, and at all

24 times herein mentioned were, insurance companies authorized to do and doing business in the

25 State of California.

26     2.     Golden Eagle is a corporation organized under the laws of the State of New

27 Hampshire with its principal place of business in Boston, Massachusetts.  Golden Eagle's high

28

RC1/7507432.1/RR2                                    COMPLAINT FOR DELCARATORY RELIEF

1 level officers that direct, control, and coordinate its activities are in Boston, Massachusetts.

2     3. Peerless is a corporation organized under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts. Peerless' high level officers that direct, control, and coordinate its activities are in Boston, Massachusetts.

    4. Plaintiffs are informed and believe that defendant Drain Doctor, Inc. ("Drain Doctor") is a corporation organized under the laws of the State of California with its principal place of business in California.

    5. Plaintiffs are informed and believe that defendant GHC of Sunnyvale, LLC, dba Cedar Crest Nursing & Rehab Center ("Cedar Crest") is a limited liability company organized under the laws of the State of California with its principal place of business in California.

## JURISDICTION AND VENUE

    6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and this action is between citizens of different states.

    7. Further, this Court has, and should exercise, discretion to award a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure, and Title 28 U.S.C. § 2201.

    8. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because defendants reside in this district or because the events giving rise to the claims occurred in this district.

## THE INSURANCE POLICIES

    9. Plaintiffs issued two separate types of insurance policies to Drain Doctor that provided liability coverage ("the Policies").

    10. Peerless issued a commercial general liability insurance policy, policy number CBP 8932754, effective December 15, 2012 to December 15, 2013, to Drain Doctor ("the Peerless Policy").

    11. The Peerless Policy includes the following insuring agreement:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   * * *

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period;
      * * *

12. The Peerless Policy contains the following definition:

    **SECTION V – DEFINITIONS**

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

13. Golden Eagle issued a commercial excess liability policy, policy number CU 8815752, effective December 15, 2012 to December 15, 2013, to Drain Doctor ("the Golden Eagle Policy").

14. The Golden Eagle Policy includes the following insuring agreement:

    **SECTION I – COVERAGES**

    **Coverage A – Excess Liability**

    We will pay on behalf of the "insured", damages in excess of the total amount payable under the terms of any "underlying insurance" stated in the Declarations. This coverage is subject to the same terms, conditions, agreements, exclusions and definitions as any "underlying insurance" stated in the Declarations except, when they are inconsistent with the

provision of this coverage, in which case the provisions of this coverage will apply.

15. The Golden Eagle Policy contains the following endorsement and exclusion:

**EXCLUSION – PROFESSIONAL LIABILITY**

This endorsement modifies the insurance provided under the following:

**COMMERCIAL UMBRELLA/EXCESS LIABILITY POLICY**

The Additional Exclusion, L. Professional Services, applicable to Coverage B., is added to 1. Exclusions Applicable to Coverages A & B.

* * *

**2. Additional Exclusions Applicable to Coverage B**

This insurance does not apply to:
* * *

l. Professional Services

"Bodily injury" or "property damage" due to or arising out of the rendering or failure to render any professional service.  This includes but is not limited to:

1) Legal, accounting, advertising or architectural services;

2) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

3) Supervisory, inspection or engineering services;

4) Medical, chiropractic, surgical, dental, x-ray or nursing services or treatment, advice or instruction;

5) Any health service treatment, advice or instruction;

6) Any service or treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

7) Optometry or optical or hearing aid services including, but not limited to, the prescribing, preparation, fitting, demonstration or distribution of opthamalic lenses and similar products or hearing aid devices;

8)       Ear piercing, body piercing, body painting or tattooing services.

16.     The Golden Eagle Policy also contains endorsement GEXL003 that deletes Coverage B in the policy, which provided umbrella insurance coverage.

## THE LAWSUIT AGAINST DRAIN DOCTOR

17.     Defendant Drain Doctor has been named as a defendant in a lawsuit arising out of its alleged actions in recommending the replacement of the main drain line at the Cedar Crest Nursing & Rehab Center located at 797 E. Fremont Avenue in Sunnyvale, California.  The underlying action was brought by defendant Cedar Crest in an action entitled *GHC of Sunnyvale, LLC, dba Cedar Crest Nursing & Rehab Center v. Drain Doctor, Inc*., Santa Clara Superior Court case number 1-14-CV-264016 ("the Underlying Action").

18.     Peerless is currently providing a defense to Drain Doctor in the Underlying Action under a full and complete reservation of rights, including, but not limited to, the right to file a declaratory relief action, the right to withdraw from the defense and the right to seek reimbursement and/or allocation of any defense fees attributable to the defense of claims that are not covered by the Peerless Policy pursuant to the California Supreme Court's decision in *Buss v. Superior Court* (1997) 16 Cal.4th 35.

19.     The complaint in the Underlying Action alleges that Cedar Crest and Drain Doctor entered into a series of written service and repair contracts dated August 16, 21 and 22, 2013. Drain Doctor inspected the pipes at the nursing facility and informed Plaintiff that the main drain line was broken and required replacement.  As a result of Drain Doctor's recommendation, Plaintiff alleges it hired a contractor to replace the main drain line, closed the nursing facility and displaced all patients in order to tear up the floor to replace the main drain line.  After tearing up the floor, Cedar Crest alleges it discovered that the main drain line was not broken and did not need replacement.

20.     Cedar Crest alleges that Drain Doctor breached the written service contracts and was negligent in failing to perform the inspections in a professional manner and erroneously

reporting that the main drain line was broken and required replacement. Cedar Crest alleges that it has suffered over $2 million in damages as a result of Drain Doctor's breach of contract and negligence.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief – No Duty to Defend)**

21. Plaintiffs hereby repeat and re-allege each and every allegation contained in Paragraphs 1 through 20 as though set forth herein in full.

22. Pursuant to 28 USC § 2201, this Court may declare the rights and obligations of the parties under the Policies on the grounds that an actual controversy exists within the meaning of 28 U.S.C. §2201.

23. An actual and real controversy now exists herein between Plaintiffs and defendants concerning insurance coverage under the Policies for the claims asserted against Drain Doctor in the Underlying Action. Plaintiffs contend that the claims asserted in the Underlying Action are not covered, or even potentially covered, under the Policies. Plaintiffs have no duty to defend Drain Doctor because its potential liability in the Underlying Action does not arise from an "occurrence" as required by the Policies. Additionally, Golden Eagle has no duty to defend Drain Doctor because Coverage B, and the duty to defend provision in Coverage B, has been deleted by endorsement and because coverage is barred by the professional services exclusion. Plaintiffs are informed and believe that Drain Doctor contends that the claims described in the Underlying Action are covered or at least potentially covered under the Policies. Therefore, Plaintiffs seek a determination of their rights and duties under the Policies, and a judgment in their favor that they have no duty to defend Drain Doctor against the Underlying Action filed by Cedar Crest.

24. A justiciable controversy exists between the parties, including but not necessarily limited to, the following:

(a) Whether Peerless has a duty to defend Drain Doctor in the Underlying Action under the Peerless Policy pursuant to the express terms and conditions of the policy;

(b) Whether Golden Eagle has a duty to defend Drain Doctor in the Underlying Action under the Golden Eagle Policy pursuant to the express terms and conditions of the policy;

25. Accordingly, pursuant to 28 U.S.C. §2201, Plaintiffs seek a declaration from the Court that they have no duty to defend Drain Doctor in the Underlying Action.

## SECOND CAUSE OF ACTION

### (Declaratory Relief – No Duty to Indemnify)

26. Plaintiffs hereby repeat and re-allege each and every allegation contained in Paragraphs 1 through 26 as though set forth herein in full.

27. Pursuant to 28 USC § 2201, this Court may declare the rights and obligations of the parties under the Policies on the grounds that an actual controversy exists within the meaning of 28 U.S.C. §2201.

28. An actual and real controversy now exists herein between Plaintiffs and defendants concerning insurance coverage under the Policies for the claims asserted against Drain Doctor in the Underlying Action. Plaintiffs contend that the claims asserted in the Underlying Action are not covered under the Policies. Plaintiffs have no duty to indemnify Drain Doctor because its potential liability in the Underlying Action does not arise from an "occurrence" as required by the Policies. Golden Eagle has no duty to indemnify Drain Doctor for the additional reason that coverage is barred by the professional services exclusion. Plaintiffs are informed and believe that Drain Doctor contends that the claims described in the Underlying Action are covered under the Policies. Therefore, Plaintiffs seek a determination of their rights and duties under the Policies, and a judgment in their favor that they have no duty to indemnify Drain Doctor against the Underlying Action filed by Cedar Crest.

29. A justiciable controversy exists between the parties, including but not necessarily limited to, the following:

(a) Whether Peerless has a duty to indemnify Drain Doctor in the Underlying Action under the Peerless Policy pursuant to the express terms and conditions of the policy;

(b) Whether Golden Eagle has a duty to indemnify Drain Doctor in the Underlying Action under the Golden Eagle Policy pursuant to the express terms and conditions of the policy;

30. Accordingly, pursuant to 28 U.S.C. §2201, Plaintiffs seek a declaration from the Court that they have no duty to indemnify Drain Doctor for any settlements, awards and/or

judgments against Drain Doctor in the Underlying Action.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs PEERLESS INSURANCE COMPANY and GOLDEN EAGLE INSURANCE CORPORATION pray for judgment against Defendants as follows:

1. For a declaration that Peerless has no duty to defend Drain Doctor in the Underlying Action under the Peerless Policy pursuant to the express terms and conditions of the policy;

2. For a declaration that Golden Eagle has no duty to defend Drain Doctor in the Underlying Action under the Golden Eagle Policy pursuant to the express terms and conditions of the policy;

3. For a declaration that Peerless has no duty to indemnify Drain Doctor in the Underlying Action under the Peerless Policy pursuant to the express terms and conditions of the policy;

4. For a declaration that Golden Eagle has no duty to indemnify Drain Doctor in the Underlying Action under the Golden Eagle Policy pursuant to the express terms and conditions of the policy;

5. For a declaration that Plaintiffs are the prevailing parties in this action.

6. For costs of suit and fees incurred herein;

7. For such further and other relief as the Court deems just and proper.

Dated: July 17, 2014                                      ROPERS, MAJESKI, KOHN & BENTLEY


By:/s/ *Pamela E. Cogan*
PAMELA E. COGAN
NORMAN LAU
Attorneys for Plaintiffs
GOLDEN EAGLE INSURANCE
CORPORATION and PEERLESS
INSURANCE COMPANY