ADLESON, HESS & KELLY, APC
Randy M. Hess (SBN 88635)
Clay A. Coelho (SBN 161205)
577 Salmar Avenue, Second Floor
Campbell, California 95008
Telephone: (408) 341-0234
Facsimile: (408) 341-0250
rhess@ahklaw.com
ccoelho@ahklaw.com

Attorneys for Defendant
DRAIN DOCTOR, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

GOLDEN EAGLE INSURANCE CORPORATION and PEERLESS INSURANCE COMPANY;

Plaintiffs,

v.

DRAIN DOCTOR, INC. and GHC OF SUNNYVALE, LLC. dba CEDAR CREST NURSING & REHAB CENTER

Defendants.

CASE NO.: 5:14-cv-03242 LHK

**DRAIN DOCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS**

[Filed Concurrently herewith:
(1) Declaration of Clay A. Coelho;
(2) [Proposed] Order]

Date: March 19, 2015
Time: 1:30 p.m.
Courtroom: 8
Judge: Honorable Lucy H. Koh

PLEASE TAKE NOTICE THAT on March 19, 2014, or as soon thereafter as counsel may be heard in Department 8 of the United States District Court located at 280 S. First Street, San Jose, California, Defendants Drain Doctor, Inc., a California corporation, will, and hereby does, move this Court for an order dismissing or, in the alternative, staying this action pending resolution of the underlying lawsuit filed against Defendant.

This motion is made pursuant to this Court's broad discretion to dismiss or stay and declaratory relief actions (*Wilton v. Seven Falls Co.*, 515 U.S.277, 286 (1995); *Brillhart v.*

*Excess Ins. Co.*, 316 U.S. 491, 495 (1942); *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998); and *Golden Eagle Ins. Co. v. Travelers Cos.,* 103 F.3d 750, 753-755 (9th Cir. 1996), as well as this Court's inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (*Landis v. North American Co.*, 299 U.S. 248 (1936).)

By its complaint, plaintiffs Golden Eagle Insurance Company and Peerless Insurance Company ("Golden Eagle") seek to establish the same facts as those to be determined in the underlying civil proceedings. Therefore, the instant motion is brought on the grounds that Golden Eagle's prosecution of its claims in this coverage action will severely prejudice the defense of the underlying lawsuits and will force its insured to fight a two-front war, will give aid and comfort to the plaintiffs in the underlying actions, and will deplete precious resources that must be directed toward the defense of the underlying proceeding.

Golden Eagle's claims in this coverage action involve factual issues that, under established California law endorsed by the Ninth Circuit, cannot and should not be resolved until the same, or substantially similar, issues are resolved in the underlying civil lawsuit. In light of the importance of resolution of these factual and legal issues under state law, Golden Eagle should not be permitted to proceed with the instant litigation against its insured.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Clay A. Coelho, the pleadings, files and records in this action, and any reply memorandum or evidence submitted by defendant, and such further oral and documentary evidence and argument as may be presented to the Court prior to or at the hearing of this Motion.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Floor
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I. INTRODUCTION ........ 3

II. FACTUAL BACKGROUND ........ 5

A. Peerless Policy ........ 5

B. Insurance Coverage Action ........ 6

C. The Underlying Civil Complaint ........ 6

III. ARGUMENT ........ 7

A. Dismissal or Stay of the Instant Action is in the Court's Inherent Power ........ 7

B. Golden Eagle's Coverage Action Should Be Dismissed Or Stayed Pending Resolution of the Underlying Civil Action ........ 8

1. California Law Favors a Stay of the Coverage Action ........ 8

2. Application of the *Brillhart* Factors Favors Dismissal or Stay of the Coverage Action ........ 9

IV. CONCLUSION ........ 11

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Floor
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

## TABLE OF AUTHORITIES

**Cases**

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) ........ passim
*David Kleis, Inc. v. Superior Court* (1995) 37 Cal.App.4th 1035, 1044-1045 ........ 3, 4, 9, 10
*Golden Eagle Ins. Co. v. Travelers Cos.,* 103 F.3d 750, 753-755 (9th Cir. 1996) ........ 2, 4, 8
*Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) ........ 2, 4, 7, 8
*Haskel, Inc. v. Superior Court* (1995) 33 Cal.App.4th 963, 979 ........ 4, 9
*Landis v. North American Co.*, 299 U.S. 248 (1936) ........ 2, 8
*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 300 ........ 3, 4, 8, 10
*SEC v. National Sec., Inc.*, 393 U.S. 453, 459 (1969) ........ 10
*Walker v. Armco Steel Corp.* (1980) 446 U.S. 740, 750 ........ 4
*Wilton v. Seven Falls Co.*, 515 U.S.277, 286 (1995) ........ 1, 7

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Floor
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

**I. INTRODUCTION**

Though Golden Eagle Insurance Company and Peerless Companies ("Golden Eagle") are aware that there is a civil action pending against Defendant and that the principal factual issues to be decided in Golden Eagle's action for declaratory relief are identical to or closely related to those in the underlying matter, Golden Eagle nevertheless brings suit against its insured, seeking to avoid any of its obligations under the policy for which it accepted premiums, all while its insured is attempting to defend the underlying actions. In light of the pendency of the underlying civil proceeding, Golden Eagle's attempt to adjudicate its coverage obligations is impermissible under clearly settled California law. (See, e.g., *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 300 [*Montrose I*]; and *David Kleis, Inc. v. Superior Court* (1995) 37 Cal.App.4th 1035, 1044-1045 [*David Kleis*].)

In order to avoid payment under its policy, Golden Eagle seeks to litigate the very questions that are at issue in the underlying proceedings. Golden Eagle seeks to show that Drain Doctor did no work at the subject premises. Drain Doctor contends that it did perform services on behalf of plaintiff and that there was nothing wrong with the services that they performed. The issue of what is defined as "work" or "professional services" is the heart of the coverage action. Golden Eagle also seeks reimbursement of its fees and costs.

To establish that its exclusions bar coverage would require Golden Eagle to obtain evidence and proof that the defendant engaged in the very conduct forming the basis for the underlying civil actions. Golden Eagle would certainly be required to take discovery against its insured that would severely prejudice Defendant's defense in the underlying matter. Golden Eagle's conduct evinces a "no holds barred" approach without regard for the adverse consequences to its insured.

California courts have repeatedly recognized that the dangers inherent in permitting insurers to pursue litigation against their insureds before resolution of the factual issues in an underlying lawsuit warrant a stay of the coverage action. Under California law, which must be applied to all substantive issues in this diversity action (see *Walker v. Armco Steel*

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

*Corp.* (1980) 446 U.S. 740, 750), a court may not decide in an insurer's declaratory relief action any factual issues that are to be decided in the underlying actions involving the insured, while those underlying actions are pending. (See, e.g., *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 300 [*Montrose I*]; *David Kleis, Inc. v. Superior Court* (1995) 37 Cal.App.4th 1035, 1044-1045 [*David Kleis*]; *Haskel, Inc. v. Superior Court of Los Angeles* (1995) 33 Cal.App.4th 963, 979 [*Haskel*].) The rationale for this rule is that it is unfair and prejudicial for an insured to have to stave off direct attacks by its insurer while it attempts to defend itself in the very actions triggering a duty to defend. (*Id*.) If the insurer cannot establish that the coverage action "will not infringe upon" the issues to be tried in the underlying action, the insured's motion to stay the insurance/declaratory relief action must be granted. (*David Kleis*, *supra*, 37 Cal.App.4th at p. 1051.) Therefore, the factual issues in the coverage and underlying actions need not be identical in order to justify stay of the coverage action. (*Id*.) Further, pursuant to the broad discretion vested in the district courts with respect to actions, like this one, brought under the Declaratory Judgments Act, this Court may either dismiss or stay this action. (See *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998); *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 753-755 (9th Cir. 1996).)

By bringing this action, Golden Eagle impermissibly seeks to force Defendant to fight a two-front war: defending the charges and allegations set forth in the underlying civil proceedings, and simultaneously defending against identical or substantially similar contentions in the coverage proceeding. In so doing, Golden Eagle wholly disregards one of the primary purposes for purchasing insurance – securing a defense to allegations of wrongful conduct. By seeking adjudication of the same substantive issues raised in the civil action (instead of assisting the defendant in fending off the same serious claims), Golden Eagle will cause substantial prejudice to its insured in the defense of the underlying actions, while giving aid and comfort to its insured's adversaries in those actions. A stay is warranted under these circumstances. In sum, the entire coverage action should be stayed or dismissed for the following reasons:

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

(1) Golden Eagle's discovery efforts will prejudice Defendant and will provide a litigation advantage to Defendant's adversaries in the underlying action. To the extent that Golden Eagle conducts discovery of Defendant in the coverage action, its insured would then be forced to respond to discovery both in the coverage action and in the underlying civil actions;

(2) Proceeding with this coverage action before the underlying civil lawsuit is resolved creates a substantial risk of inconsistent results and undue and duplicative consumption of judicial resources (Declaration of Clay A. Coelho, ¶ 4); and

(3) If Golden Eagle is allowed to litigate the same issues Defendant is aggressively defending in the civil actions, Defendant will be forced to incur substantial defense costs defending the coverage action and thereby depleting the Defendant's limited resources and energy which should be focused on responding to the claim in the underlying civil lawsuits (Declaration of Clay A. Coelho, ¶ 4).

Therefore, Defendant, in the interest of fairness, consistency, efficiency and economy, request that the Court dismiss or stay this action.

## II. FACTUAL BACKGROUND

### A. Peerless Policy

Peerless issued policy number CBP8932754 with effective dates December 15, 2012 to December 15, 2013 to Drain Doctor. This policy provides commercial general liability coverage to Drain Doctors for its work as a plumbing contractor. The policy contains the following coverage:

> "Section 1 – Coverages
>
> Coverage A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> . . . b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

"coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period;"

Drain Doctor also had umbrella/excess insurance through Golden Eagle policy number CU8815752, effective December 15, 2012 to December 15, 2013 to Drain Doctor, Inc.

The Golden Eagle policy contained a professional liability exclusion.

"EXCLUSION – PROFESSIONAL LIABILITY

This endorsement modifies the insurance provided under the following:

COMMERCIAL UMBRELLA/EXCESS LIABILITY POLICY

The Additional Exclusion L, Professional Services, applicable to Coverage B, is added to 1. Exclusions Applicable to Coverages A & B.

2. Additional Exclusions Applicable to Coverage B.

This insurance does not apply to:

1. Professional Services

"Bodily injury" or "property damage" due to or arising out of the rendering or failure to render any professional service. This includes, but is not limited to:

… 3) Supervisory, inspection or engineering services;"

B. Insurance Coverage Action

Golden Eagle's coverage action includes causes of action for declaratory relief on the grounds that the claims made by the Plaintiff in the underlying case arise out of (1) professional services; (2) that a potential liability in the underlying action does not arise from "an occurrence" as required by the policies.

C. The Underlying Civil Complaint

In the subject complaint, Golden Eagle refers to a certain underlying lawsuit naming

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

its insured. Golden Eagle is defending its insured under a reservation of rights to disclaim coverage. The underlying complaint entitled *GHC of Sunnyvale, and LLC dba Cedar Crest Nursing and Rehab Center v. Drain Doctor, Inc.,* Santa Clara County Superior Court Case No. 1-14-CV-264016 (the "Underlying Action") alleges causes of action for breach of contract and negligence.

The Golden Eagle complaint alleges that Drain Doctor did not perform any work that constitutes an "occurrence" which triggers coverage under the policy. Furthermore, Golden Eagle alleges that any work performed by Drain Doctor constitutes "professional services" which is excluded under the umbrella policy. The plaintiffs in the Underlying Action allege that Drain Doctor inspected the plumbing systems at the Cedar Crest Rehabilitation Center. Based upon the inspection work and recommendations performed by Drain Doctor, Cedar Crest Rehabilitation Center retained another plumbing contractor to remove and replace the main drain line which the subsequent contractor and Cedar Crest Rehabilitation Center allege was not in need of replacement.

The issue in both cases, the coverage action and the Underlying Action, relate to the alleged work of Drain Doctor, Inc. This key issue is precisely the reason why this matter should be stayed pending resolution of the Underlying Action.

## III. ARGUMENT

### A. Dismissal or Stay of the Instant Action is in the Court's Inherent Power

Federal courts are vested with "unique and substantial discretion in deciding whether to declare the rights of litigants." (*Wilton v. Seven Falls Co.*, 515 U.S.277, 286 (1995).) In *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942), the Supreme Court established three factors for the district court to consider in determining whether to accept or decline jurisdiction over a declaratory relief action: (1) avoiding the needless determination of state law issues; (2) discouraging litigants from forum shopping; and (3) avoiding duplicative litigation. (*Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir.1998)(en banc), citing *Brillhart, supra*. Under these authorities, this Court may either dismiss or stay this action pursuant to its broad discretion with respect to declaratory relief actions. (See

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

*Government Employees Ins. Co. v. Dizol*, *supra* at 1223; see also *Golden Eagle Ins. Co. v. Travelers Cos.,* 103 F.3d 750, 753-755 (9th Cir. 1996).)

This Court also has the inherent power to grant a stay in any case before it. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (*Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153. 254 (1936).)

B. Golden Eagle's Coverage Action Should Be Dismissed Or Stayed Pending Resolution Of The Underlying Civil Action.

1. California Law Favors a Stay of the Coverage Action.

In *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, the California Supreme Court held:

> "**To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action**. (Citations.) For example, when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct, the potential that the insurer's proof will prejudice the insured in the underlying action is obvious. This is the classic situation in which the declaratory relief action should be stayed . . . ." (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287,301-302, emphasis added.)

Expanding on *Montrose I*, the appellate courts have articulated the primary concerns in permitting a declaratory relief action to proceed while the underlying case is still pending:

> " 'There are three concerns which the courts have about the trial of coverage issues which necessarily turn upon the facts to be litigated in the underlying action. First, the insurer, who is supposed to be on the side of the insured and with whom there is a special relationship, effectively attacks its insured and thus gives aid and comfort to the claimant in the underlying suit; Second, such a circumstance requires the insured to fight a two front war, litigating not only with the underlying claimant, but also expending precious resources fighting an insurer over coverage questions - this effectively undercuts one of the primary reasons for purchasing liability insurance; and Third, there is a real risk that, if the declaratory relief action proceeds to judgment before the underlying action is resolved, the insured could be collaterally estopped to contest issues in the latter by the results in the former. It is only where there is no potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist.' " (*David Kleis, Inc. v. Superior Court*

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

(1995) 37 Cal.App.4th 1035,1044-1045, quoting *Haskel, Inc. v. Superior Court of Los Angeles* (1995) 33 Cal.App.4th 963, 979.)

*David Kleis* and *Haskel* emphasize that it is only where there is *no potential conflict* between the coverage action and the underlying actions that the insurer can proceed with the coverage case. In *David Kleis*, because "the record presented to the trial court was insufficient to conclude that the issues to be tried in the declaratory relief action did not infringe upon the issues to be tried in the underlying action", the appellate court issued a writ of mandate compelling the superior court to grant the insured's motion to stay the insurance/declaratory relief action. (*David Kleis*, *supra*, 37 Cal.App.4th at p. 1051.)

*David Kleis* not only underscores the importance of ensuring that the insured's ability to present a defense is not hampered by the coverage action, but it establishes that the burden rests with the insurer seeking the coverage determination to demonstrate *conclusively* that the issues in the coverage action will not *infringe on* the issues to be litigated in the underlying actions. (*Id*.) Therefore, though the *insured* typically moves to stay the declaratory relief action, the *insurer* must establish there is no potential conflict between the issues in the coverage action and those in the underlying actions. (*Id*.)

Golden Eagle seeks to establish that Drain Doctor did not perform any "work" that constitutes and occurrence. Golden Eagle seeks to establish that Drain Doctor performed "professional services" that are excluded under the policy. Drain Doctor had a contract with plaintiff to perform plumbing work on an as needed basis. Drain Doctor did not contract with plaintiff to perform "professional services". Plaintiff, in the underlying case, may use the arguments and evidence in this action against Drain Doctor in the underlying action.

As stated above, discovery into and determination of the factual issues alleged in the declaratory relief causes of action impermissibly infringe on the factual issues in the underlying matter and also justify a stay.

2. Application of the *Brillhart* Factors Favors Dismissal or Stay of the Coverage Action.

Importantly, federal law also favors dismissal or stay of the coverage action. The Supreme Court has confirmed that "states ha[ve] a free hand in regulating the dealings

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

between insurers and their policyholders." (*SEC v. National Sec., Inc.*, 393 U.S. 453, 459 (1969).) The Supreme Court has also outlined the key factors for a district court to consider in determining whether to hear a declaratory relief action. (See *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942).) The first *Brillhart* factor, avoiding the needless determination of state law issues, will be satisfied by dismissal or stay of the coverage action, which seeks to establish and adjudicate rights under an insurance policy. Golden Eagle's claims for declaratory relief and reimbursement clearly involve determinations of coverage under California state law. As established above, California law supports a stay of a coverage proceeding where the coverage questions turn on facts at issue in the underlying actions, so as to "eliminate the risk of inconsistent factual determinations that could prejudice the insured…" (*Montrose I, supra,* 6 Cal.4th 287, 301-302), or where they impermissibly infringe on the matters at issue in the underlying actions. (*David Kleis, supra.*)

Here, the coverage questions presented in the declaratory relief action turn on facts to be litigated in the underlying action. As set forth above, both the plaintiffs in the Golden Eagle action and the underlying matters allege both intentional acts, including fraud, and that Defendant's acts were for Defendant's personal gain and profit. To prove the factual allegations, Golden Eagle will have to obtain evidence adverse to its insured, with whom it should be aligned in defending against the underlying action.

Additionally, in order to defend against Golden Eagle's allegations, Defendant would also be forced to conduct discovery which would be inconsistent with Defendant's desire to minimize the scope and extent of claims against them in the civil proceedings. In particular, Defendant would find itself in the uncomfortable position of aiding the underlying plaintiff by forcing him to articulate additional theories falling outside the exclusions on which Golden Eagle chiefly relies. Defendant should not be placed in such an untenable position by its own insurer.

Ultimately, after discovery, this Court will be asked to adjudicate the factual questions relative to Golden Eagle's declaratory relief claim, which could have res judicata effect in the State Court civil proceedings. If this Court were to adjudicate these issues, it would be

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

determining issues of state law more easily resolved in the State Court action. This Court should avoid addressing such issues of state law that can and will be resolved in the State Court proceedings.

The second *Brillhart* factor is also satisfied by dismissal or stay of the insurance coverage action. Because the State Court can effectively determine the factual issues concerning the conduct alleged, there simply is no need to make the Federal Court available to adjudicate those same factual issues.

The third *Brillhart* factor, avoiding duplicative litigation, also supports dismissal or stay of the coverage action. The factual questions presented by Golden Eagle are whether or not this is a fee dispute or if Defendant wrongfully or willfully withheld fees due to plaintiff's in the underlying action, are the same questions that will be decided in the State Court. Once these questions are resolved in the State Court, the scope of Golden Eagle's duties under the policy will be clarified.

Because all three of the *Brillhart* factors are satisfied in this case, the coverage action should be dismissed or stayed to permit factual issues to be resolved in the State Court.

## IV. CONCLUSION

In this case, Golden Eagle's anticipated discovery will prejudice Defendant and will provide a litigation advantage to Defendant's adversaries in the underlying actions. Proceeding with this coverage action before the underlying civil lawsuit is resolved creates a substantial risk of inconsistent results and undue and duplicative consumption of judicial resources. In fact, if Golden Eagle is allowed to litigate the same issues Defendant is aggressively defending in the civil suit, Defendant will be forced to incur substantial costs defending the coverage action while it is incurring substantial expenses and depleting its limited resources and energies which should be focused on the civil lawsuit.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Defendant respectfully requests that the Court issue an order dismissing or staying the instant coverage action, including all discovery in other proceedings, until final judgment to dispose all of the issues in the underlying civil action.

DATED: November 12, 2014

ADLESON, HESS & KELLY, APC

By: */s/ Clay A. Coelho*

Randy M. Hess
Clay A. Coelho
Attorneys for Defendant
Drain Doctor, Inc.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com