ADLESON, HESS & KELLY, APC
Randy M. Hess (SBN 88635)
Clay A. Coelho (SBN 161205)
577 Salmar Avenue, Second Floor
Campbell, California 95008
Telephone: (408) 341-0234
Facsimile: (408) 341-0250
rhess@ahklaw.com
ccoelho@ahklaw.com

Attorneys for Defendant
DRAIN DOCTOR, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EAGLE INSURANCE CORPORATION and PEERLESS INSURANCE COMPANY;<br><br>        Plaintiffs,<br><br>v.<br><br>DRAIN DOCTOR, INC. and GHC OF SUNNYVALE, LLC. dba CEDAR CREST NURSING & REHAB CENTER<br><br>        Defendants. | CASE NO.: 5:14-cv-03242 LHK<br><br>**DRAIN DOCTOR, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION AND MOTION TO STAY PROCEEDINGS**<br><br>Date:       March 19, 2015<br>Time:       1:30 p.m.<br>Courtroom:  8<br>Judge:      Honorable Lucy H. Koh |

Drain Doctor, Inc. ("Drain Doctor") submits this reply to Golden Eagle Insurance Corporation and Peerless Insurance Company's ("Golden Eagle") opposition to Defendant's motion to dismiss or stay proceedings.

### I.     Golden Eagle's Opposition Affirms the Overlap of Issues in the Coverage Action

Golden Eagle's opposition clearly states that what is to be determined in the coverage action is whether or not the work performed by Drain Doctor in the underlying action constitutes an "occurrence" or "professional services", both of which are determinative as to whether there is coverage for the claim. The causes of action in the

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No. 5:14-cv-03242-LHK   DRAIN DOCTOR, INC.'S REPLY TO MOTION TO DISMISS OR STAY PROCEEDINGS       1

1  underlying matter include negligence and breach of contract.  The negligence cause of
2  action states that the work performed by Drain Doctor was performed in a "professional"
3  manner.  Golden Eagle attempts to take those words to use them as a sword against its
4  insured by stating that the Plaintiff in the underlying action is alleging "professional services"
5  which would be excluded under the policy.  In fact, what is alleged by Plaintiff in the
6  underlying action is that the work performed by Drain Doctor failed to meet the standard of
7  care.  Whether the work was in the form of "inspections" or actual "repair work" is an issue
8  bearing on coverage.  In having to defend whether or not "inspections" constitute an
9  occurrence in the coverage action, places the insured in a position of disadvantage in
10 defending the action by Plaintiff in the underlying case.  The discovery necessary in the
11 coverage action should not be limited to the allegations in the complaint and the language of
12 the policies.  It is anticipated that discovery of various parties including Drain Doctor and the
13 plaintiffs in the underlying case would be necessary to better define the work performed and
14 if the work was a "professional service".

15 While Drain Doctor denies that any of the work that it did was negligent, the work
16 performed by Drain Doctor, which is the subject of the underlying action, is work that Drain
17 Doctor reasonably expected would be covered as an "occurrence" and covered by its policy
18 of insurance issued by Golden Eagle.

19 **II.    Golden Eagle Fails to Address the Issue of Prejudice in Drain Doctor**
20 **Having to Defend Two Actions**

21 Golden Eagle's response to the allegations of prejudice by Drain Doctor in having to
22 defend both the coverage action and the underlying action is that Golden Eagle would be
23 prejudiced in having to continue to defend Drain Doctor.  Golden Eagle apparently believes
24 its prejudice in having to defend the underlying action is more prejudicial than the insureds
25 having to defend both the coverage action as well as the underlying action.

26 Golden Eagle has issued a reservation of rights and has remedies for its defense of
27 the action at the conclusion of the underlying action in the event the case is stayed.
28 Golden Eagle is also in a much better financial position to defend the underlying action than

ADLESON, HESS &
KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

the insured in having to defend itself in the underlying action and also in the coverage action.  As stated in the moving papers, the court's favor stay of coverage actions in instances like this because of the hardship that the coverage action imparts on the insured while it is embroiled in litigation in the underlying action.  (See *David Kleis Inc. v. Superior Court* (1995) 37 Cal.App.4th 1035.)

### III.   Conclusion

Golden Eagle fails to provide any basis to deny the requested stay of the coverage action.  The issue of the type of work that was performed and whether or not that work was performed in a negligent manner is an issue to be decided in the coverage action and is the question at the heart of the underlying action.  For that reason and for the prejudice that Drain Doctor will face in having to continue to defend the coverage action while embroiled in the litigation with the Plaintiff in the underlying action constitutes a sufficient basis to stay the matter and Drain Doctor respectfully requests that the court stay the coverage action filed by Golden Eagle.

DATED:  December 3, 2014                    ADLESON, HESS & KELLY, APC

                                            */s/ Clay A. Coelho*
                                        By: _____
                                            Randy M. Hess
                                            Clay A. Coelho
                                            Attorneys for Defendant
                                            Drain Doctor, Inc.

ADLESON, HESS & KELLY, APC
577 Salmar Ave., 2nd Flr
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.ahk-law.com

Case No.  5:14-cv-03242-LHK    DRAIN DOCTOR, INC.'S REPLY TO MOTION TO DISMISS OR STAY PROCEEDINGS        3